IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PERRY JOE PATTERSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-3100-M (BT) |
| | § | |
| LORIE DAVIS, *Director*, | § | |
| TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Perry Joe Patterson, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be TRANSFERRED to the Fifth Circuit Court of Appeals as successive.

I.

In 2010, Petitioner was convicted of murder and sentenced to 99 years' confinement. *State of Texas v. Perry Joe Patterson*, No. F-08-11133 (203rd Jud. Dist. Ct., Dallas County, Tex., Sept. 20, 2010), *aff'd*, 2012 WL 3024220 (Tex. App. – Dallas 2012, pet. ref'd), *cert denied*, 569 U.S. 978 (2013). On January 14, 2015, the Texas Court of Criminal Appeals denied Petitioner's state petition for habeas relief without written order on the findings of the trial court without a hearing. *Ex parte Patterson*, No. 80,677-01.

1

Petitioner filed his first § 2254 petition on February 2, 2015. *See Patterson v. Davis*, No, 3:15-cv-322-B (BK), 2016 WL 7426142 (N.D. Tex. 2016), which the district court denied on December 23, 2016. Almost one year late, on December 5, 2017, the Fifth Circuit Court of Appeals denied a certificate of appealability, *Patterson v. Davis*, No. 17-10045, 2017 WL 10526142 (5th Cir. 2017), and on October 1, 2018, the Supreme Court denied certiorari. *Patterson v. Texas*, 139 S. Ct. 76 (2018).

On August 4, 2018, Petitioner filed a second state habeas petition, *Ex parte Patterson*, No. 80,677-05, which the Texas Court of Criminal Appeals dismissed as subsequent on October 24, 2018.

Petitioner filed this § 2254 petition on November 1, 2018. He argues

1. Trial counsel was ineffective when counsel (a) failed to develop evidence of actual innocence or insanity; (b) failed to investigate a lesser-included offense; and (c) failed to submit evidence;

2. The trial judge misinformed him of "two year parole eligibility" and the "reasoning behind decisions concerning trial";

3. Newly-discovered "valium-violence information" proves that the prosecution withheld actual innocence evidence and evidence of the deceased's violent and aggressive history; and

4. Appellate counsel was ineffective when counsel failed "to consult with Applicant before pre-empting a P.D.R." and failed to develop facts.

(ECF No. 3 at 6-7.) In her answer, Respondent argues the petition is successive.

2

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A prisoner must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2).

Here, Petitioner argues he has newly-discovered evidence of his actual innocence. He states a third-party sent him articles about valium-induced aggression which he argues supports his actual innocence claims. Petitioner's newly-discovered evidence claims, however, must be submitted to the Fifth Circuit Court of Appeals to determine whether Petitioner has made the required prima facie showing that his newly-discovered evidence would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(3)(C); *Leal v. Garcia*, 573 F.3d 214, 221 (5th Cir. 2009). Additionally, Petitioner raises claims in this petition that he raised in his previous § 2254 petition. Claims raised in a previous petition are

successive. *See* 28 U.S.C. § 2244(b)(1); *In re Cain*, 137 F.3d 234. 235 (5th Cir. 1998).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed

III.

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed May 30, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).